```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

KAREN TAYLOR and
HARRY C. TAYLOR,

      Plaintiffs,

v.                        Civil Action No. 2:10-1300

RICHARD DEAN BRIGHT, a/k/a Rusty,
and ERIE INSURANCE PROPERTY
& CASUALTY COMPANY, a foreign
corporation,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion to remand, filed December 7, 2010.

## I. Background

This action arises out of an incident that occurred on July 17, 2003. On that date, defendant Richard Dean Bright ("Bright") arrived at a Kanawha County Board of Education ("Board") meeting armed with gasoline, matches, and a rifle. (Resp. 1-2). Bright's rifle discharged when he attempted to remove it from a bag. (Mot. to Rem. 1). Shrapnel from the bullet struck plaintiff Karen Taylor ("Ms. Taylor"), a Board employee who was responsible for preparing an audio recording of the meeting. (Id. 2; Resp. 2). Ms. Taylor incurred permanent

injuries as a result of the shooting. (Mot. to Rem. 2).

On July 12, 2005, plaintiffs initiated this action against Bright and the Board in the Circuit Court of Kanawha County. (Id. 1). Plaintiffs alleged that the Board negligently failed to provide a safe work environment, and that Bright negligently handled his rifle in a manner causing Ms. Taylor's injuries. (Resp. 2-3). Ms. Taylor's husband, plaintiff Harry C. Taylor, asserted a claim for loss of spousal consortium. (Mot. to Rem. 2). On January 20, 2006, the Board was dismissed from the action on immunity grounds. See Taylor v. Kanawha Cnty. Bd. of Educ., No. 05-C-1534, slip op. (Kanawha Cnty. Cir. Ct. Jan. 20, 2006).

During the litigation, plaintiffs learned that Bright was insured under a homeowner's insurance policy issued by defendant Erie Insurance Property and Casualty Company ("Erie"). (Id. 2; Resp. 3). Plaintiffs thereafter submitted a claim to Erie under the homeowner's policy seeking coverage for Bright's actions. (Id.). Erie denied coverage based on the insurance policy's "intentional acts" exclusion. (Id.).

On March 2, 2009, nearly four years after initiating the suit, plaintiffs obtained a judgment against Bright in the

amount of $3,598,227. (Id. 2). Bright then entered into a post-judgment assignment and forbearance agreement which assigned to plaintiffs Bright's claims against Erie for, inter alia, breach of contract, bad faith, and unfair claims settlement practices. On January 28, 2010, plaintiffs sought leave to amend their complaint to assert claims against Erie to collect their judgment and for breach of contract, bad faith, and violations of West Virginia Code § 33-11-4(9). (Mot. to Rem. 2-3; Resp. 4). The Kanawha County Circuit Court granted plaintiffs' request on October 15, 2010, and their amended complaint was filed on that date. (Id. 3). Erie was served with the amended complaint on October 19, 2010. (Notice of Removal, Ex. 3).

Erie removed on November 15, 2010, invoking the court's diversity jurisdiction. Plaintiffs moved to remand on December 7, 2010. In their motion, plaintiffs assert that Erie's notice of removal was untimely because it was filed beyond the one year period permitted by 28 U.S.C. § 1446(b).[1]

By order dated December 28, 2010, the court granted

---

[1] Erie asserts, and plaintiffs do not dispute, that complete diversity exists inasmuch as Erie is a Pennsylvania corporation, plaintiffs are citizens of West Virginia, and Bright -- while a West Virginia citizen -- is a nominal party that can be disregarded for diversity purposes. While it appears that Bright is indeed a nominal party, the court has no occasion to address this issue in view of its resolution of plaintiffs' motion to remand.

plaintiffs' unopposed motion to stay this action pending resolution of their motion to remand.

## II.   Motion to Remand

A.   Governing Standard

"A defendant may remove any action from a state court to a federal court if the case could have originally been brought in federal court." <u>Yarnevic v. Brink's, Inc.</u>, 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441).  Federal district courts have original jurisdiction over actions between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal jurisdiction. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941).  If federal jurisdiction is doubtful, remand is necessary.  <u>Mulcahey</u>, 29 F.3d at 151 (citations omitted).  The defendant bears the burden of demonstrating federal jurisdiction under the preponderance of evidence standard.  <u>Landmark Corp. v. Apogee Coal Co.</u>, 945 F. Supp. 932, 935 n. 2 (S.D. W. Va. 1996).

4

B.   Timeliness of Removal and § 1446(b)'s One Year Rule

The sole basis for plaintiffs' motion to remand is that Erie's notice of removal was untimely under 28 U.S.C. § 1446(b). That section provides in pertinent part as follows:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).  Under § 1446(b), a defendant seeking to remove a lawsuit that is not initially removable but later becomes removable based on diversity jurisdiction must satisfy two time requirements.  First, the defendant must file a notice of removal within 30 days after it is first ascertained that the action is removable.  See id.  Second, the defendant must file its notice of removal no "more than 1 year after commencement of the action."  Id.

The only issue before the court is whether Erie filed its notice of removal "more than 1 year after commencement of the action" within the meaning of § 1446(b).[2]  Plaintiffs contend

---

[2] The parties do not dispute that this case was initially non-removable and only became removable when plaintiffs amended their complaint to add Erie as a defendant.  Nor do they dispute

5

this action "commenced" when they filed their original complaint against Bright and the Board on July 12, 2005, and that Erie's November 15, 2010 notice of removal, filed well beyond the one year period prescribed by § 1446(b), was untimely. Erie, on the other hand, responds that this action "commenced" when plaintiffs amended their complaint on October 15, 2010 to add Erie as a defendant, thereby resetting the one year limitation period and making Erie's November 15, 2010 notice of removal timely.

In determining when an action has "commenced" for the purposes of § 1446(b), federal district courts look to the law of the state from which the action originated. See Easley v. Pettibone Mich. Corp., 990 F.2d 905, 908 (6th Cir. 1993) ("State law determines when an action is commenced for removal purposes.").[3] Under West Virginia law, "[a] civil action is commenced by filing a complaint with the court." W. Va. R. Civ. Pro. 3(a). Nothing in the text of § 1446(b) permits resetting

---

that Erie filed its notice of removal within 30 days after it first became ascertainable that the case was removable.

[3] While it appears that the Fourth Circuit has had no occasion to address this issue, the district courts in this circuit and elsewhere generally agree that state law determines when an action "commences" within the meaning of § 1446(b). See, e.g., Lexington Market Inc. v. Desman Assocs., 598 F. Supp. 2d 707, 710 (D. Md. 2009); US Airways, Inc. v. PMA Capital Ins. Co., 340 F. Supp. 2d 699, 704 (E.D. Va. 2004) (collecting cases); Provenza v. Yamaha Motor Co., 295 F. Supp. 2d 1175, 1177 (D. Nev. 2003); Robinson v. J.F. Cleckley & Co., 751 F. Supp. 100, 104 (D.S.C. 1990).

the one year time period based on the later addition of new parties or claims in a pending suit. Thus, based on West Virginia law and § 1446(b)'s unambiguous language, this action "commenced" and the one year period began to run when plaintiffs filed the initial pleading on July 12, 2005, not when plaintiffs filed their amended complaint adding Erie as a defendant on October 15, 2010. Because Erie filed its notice of removal on November 15, 2010, more than 5 years after "commencement of the action" on July 12, 2005, removal is barred by § 1446's one year rule.

This straightforward reading of § 1446 accords with "the reasoning of several other district courts that have concluded that, upon considering the language, history, and purpose of the removal statute, Congress intended to prohibit the removal of diversity cases after one year from the date of the filing of the initial pleading, even where additional defendants were not joined until more than one year later." Williams v. Pegnato & Pegnato Roof Mgmt., Inc., 619 F. Supp. 2d 420, 426 (N.D. Ohio 2008); see also First Merchs. Trust Co. v. Wal-Mart Stores East, LP, 630 F. Supp. 2d 964, 965 (S.D. Ind. 2008) ("Section 1446(b) prohibits a later-added defendant from removing an initially non-removable case based on diversity jurisdiction more than one year after the case was commenced in state court.

7

The plain language of the statute requires that result, even where the defendant is added so late that it never had a timely opportunity to remove the case."); Sledz v. Flintkote Co., 209 F. Supp. 2d 559 (D. Md. 2002); Sasser v. Ford Motor Co., 126 F. Supp. 2d 1333 (M.D. Ala. 2001); Price v. Messer, 872 F. Supp. 317, 319-21 (S.D. W. Va. 1995) (holding that removal of diversity case was barred by one year rule after finding "no principled basis to permit the late removal of this case merely because Shelter was added as a defendant in the amended complaint" after judgment was entered against original defendant).

     The Middle District of Alabama in Sasser persuasively articulated the reasons for invoking § 1446(b)'s one year bar to removal in cases such as this one.  There, the plaintiff filed an action against two defendants, one diverse and one non-diverse, in Alabama state court on July 31, 1998 that was not initially removable.  Sasser, 126 F. Supp. 2d at 1334.  On October 12, 1999, the plaintiff filed an amended complaint adding a third defendant -- Ford Motor Company.  Id.  The state court subsequently dismissed the plaintiff's claims against the original two defendants in March 2000, leaving Ford, a diverse defendant, as the sole remaining defendant in the action.  Id. at 1334-35.  Ford then filed a notice of removal based on diversity jurisdiction in May 2000, but the Middle District of Alabama

remanded after concluding that removal was barred by § 1446(b)'s one year rule. Id. at 1336.

The Sasser court held that the action "commenced" at the filing of the initial complaint on July 31, 1998, rather than the filing of the amended complaint on October 12, 1999, for several reasons. Id. First, it recognized that removal statutes are to be construed narrowly and that "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Id. Second, the court observed that Congress could have worded 28 U.S.C. § 1446(b) to make the provision claim- or party-specific, but chose not to, and that the court "should not reword the statute" such that the addition of new claims or parties would reset the one year limitation period. Id. Third, upon examining the legislative history of § 1446(b), the court found that the "thrust of the comments in that history support the court's approach" -- namely, that "Congress accepted a modest curtailment in access to diversity jurisdiction in exchange for avoiding substantial delay and disruption after substantial progress has been made in state court." Id. (internal quotations and citations omitted); see also H.R. Rep. No. 889, 100th Cong., 2d Sess. (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33. Consequently, Sasser concluded that remand was proper, as does the court here.

9

Erie's reliance on this court's decision in <u>Adams v. Insurance Company of North America</u>, 426 F. Supp. 2d 356 (S.D. W. Va. 2006) (Copenhaver, J.) is unavailing. <u>Adams</u> concerned the removability of a case pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified in 28 U.S.C. §§ 1332(d), 1453(b), et seq.). CAFA, by its terms, only applies to actions "commenced" on or after February 18, 2005. <u>Id.</u> § 9. And CAFA, unlike § 1446(b), contains no one year limitation. <u>See</u> <u>id.</u> § 1453(b) ("A class action may be removed to a district court of the United States in accordance with section 1446 (<u>except that the 1-year limitation under section 1446(b) shall not apply</u>), without regard to whether any defendant is a citizen of the State in which the action is brought") (emphasis added).

At issue in <u>Adams</u> was whether the commencement date for CAFA purposes occurred when the plaintiffs filed their initial complaints in October 2001 or when they filed their amended complaints in June 2005. 426 F. Supp. 2d at 372. In resolving this issue, the court initially noted that, under West Virginia law, a civil action is commenced by filing a complaint with the court. <u>Id.</u> The court then proceeded to analyze, for CAFA purposes, "when an amendment to a complaint results in a new action or, alternatively, relates back to the original

10

institution of the action." Id.  After applying West Virginia's "relation back" doctrine, Adams held that plaintiffs' amended complaints did relate back to their original complaints rather than commence a new action.  Id. at 381.  And because the original complaints were filed in October 2001, before the CAFA effective date, the court concluded that removal under CAFA was improper.  Id.

It is contended by Erie that, in contrast to the result in Adams, application of West Virginia's relation back doctrine here compels the conclusion that plaintiffs' amended complaint does not relate back to the original complaint and instead commences a new action.  As noted by Erie, West Virginia Rule of Civil Procedure 15(c) prescribes as follows:

> An amendment of a pleading relates back to the date of the original pleading when:
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action; or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing paragraph (2) is satisfied and, within the period provided by Rule 4(k) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the

>proper party, the action would have [been] brought against the party.

W. Va. R. Civ. Proc. 15(c)(1)-(3).

Erie asserts that none of these bases for relation back are present here inasmuch as (1) the amended complaint asserts claims subject to a one year statute of limitations, and allowing relation back would thus circumvent the applicable limitations period for these claims; (2) the claims asserted in the amended pleading do not arise out of the same transaction or occurrence as the original pleading since the original complaint related to Bright causing injuries to plaintiff, whereas the amended complaint concerns Erie's insurance claim handling as well as Erie's alleged breach of contract; and (3) plaintiffs did not amend the complaint merely to change the name of a party or to bring in a new party due to a mistake in identity.  These issues, however, are for resolution on remand.

For the purposes of § 1446(b), this action "commenced" when plaintiffs filed their initial pleading on July 12, 2005. Inasmuch as Erie's November 15, 2010 notice of removal was necessarily filed "more than 1 year after commencement of the action," removal is barred by § 1446(b).

**C.   Attorneys' Fees and Costs**

Plaintiffs ask the court to award fees and costs attendant to their motion to remand pursuant to 28 U.S.C. § 1447(c). (Mot. to Rem. 6). The statute provides that a court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." Martin v. Franklin Capital Corp., 546 U.S. 132, 139 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

Reasonableness is the standard by which the request must be evaluated. Id. "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. (citations omitted). Inasmuch as the court concludes that defendant had an objectively reasonable

13

basis for removal that warranted development, analysis, and resolution of the removal issues in this case, the court declines to award plaintiffs their costs and fees in bringing this motion.

### III.  Conclusion

Based upon the foregoing, the court concludes that it lacks subject matter jurisdiction. The court, accordingly, ORDERS that plaintiffs' motion to remand be, and it hereby is, granted. The court further ORDERS that this action be, and it hereby is, remanded for all further proceedings to the Circuit Court of Kanawha County.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and any unrepresented parties and a certified copy to the clerk of court for the Circuit Court of Kanawha County.

DATED: April 25, 2011

John T. Copenhaver, Jr.
United States District Judge